**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**DELTA DIVISION**

PAUL ANTONIO BURKE, JR.                                                          PETITIONER
*ADC #10237-003*

V.                                          CASE NO. 2:22-cv-00245-BSM-JTK

CHAD GARRETT[1], *Warden*                                                       RESPONDENT
FCI Forrest City (Low)

**PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

**INSTRUCTIONS**

The following proposed Recommendation has been sent to United States District Judge
Brian Miller. You may file written objections to all or part of this Recommendation. If you do so,
those objections must: (1) specifically explain the factual and/or legal basis for your objection and
(2) be received by the Clerk of this Court within 14 days of the entry of this Recommendation. By
not objecting, you may waive the right to appeal questions of fact. If no objections are filed, Judge
Miller can adopt this Recommendation without independently reviewing the record.

**I.    INTRODUCTION**

On December 16, 2022, Paul Burke, Jr. ("Burke") filed a *pro se* petition for writ of habeas
corpus pursuant to 28 U.S.C. § 2241. (Doc. No. 1) Burke was an inmate at the Federal Correctional
Institution (FCI) in Forrest City, Arkansas, at the time he filed his petition. Currently pending
before the Court is Respondent Chad Garrett's ("Garrett") supplemental motion to dismiss Burke's
petition as moot. (Doc. No. 11)

---

[1] The Clerk of Court is directed to change the warden of the Federal Correctional Institution
in Forrest City, Arkansas, to Chad Garrett.

1

After careful consideration and for the reasoning set forth below, Garrett's motion should be granted, and Burke's petition should be dismissed as moot.

## II.    BACKGROUND

In 2008, Burke pleaded guilty to possession with intent to distribute crack cocaine and was sentenced to 108 months' imprisonment and six years of supervised release by the United States District Court for the Southern District of Alabama. (Doc. No. 5-1) In 2021, the Southern District of Alabama revoked Burke's supervised release and sentenced him to 36 months' imprisonment. (Doc. No. 5-3) Burke then filed the instant habeas petition while serving his sentence at the FCI in Forrest City, Arkansas.

In the petition, Burke alleges that the BOP was attempting not to calculate and apply his time credits earned toward his early release pursuant to the First Step Act. Garrett filed a supplemental response, stating that Burke is no longer in BOP custody and was released per his good conduct time on August 1, 2023. (Doc. Nos. 5-4, 11-1) Garrett contends that Burke's petition is now moot because there is no current case or controversy for this Court to resolve. He further states that "[t]here are no collateral consequences that would stem from the denial of Burke's requested relief," considering that Burke is not challenging his conviction.

Since the filing of his petition, Burke has been released from BOP custody. *See* https://www.bop.gov/inmateloc/ (accessed Jan. 8, 2025). He did not respond to Garrett's supplemental motion to dismiss, and he has not filed a notice of change of address.

## III.    DISCUSSION

"Article III of the United States Constitution limits the jurisdiction of the federal courts to actual, ongoing cases and controversies." *Cotton v. Garrett*, No. 2:23-CV-00231-BSM-JJV, 2024 WL 870808, at *1 (E.D. Ark. Feb. 8, 2024) (quoting *Ali v. Cangemi*, 419 F.3d 722, 723 (8th Cir.

2005)), *report and recommendation adopted*, No. 2:23-CV-00231-BSM, 2024 WL 867078 (E.D. Ark. Feb. 29, 2024). "This means that a litigant 'must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision.'" *Id.* (quoting *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477 (1990)). "If a change in circumstances during the pendency of a habeas petition means that it no longer presents a case or controversy, the petition becomes moot." *Id.* (citing *Spencer v. Kemna*, 523 U.S. 1, 7 (1998)).

Burke wants this Court to compel Garrett and the BOP to comply with the First Step Act and to calculate and award his time credits toward his early release. Since the filing of his petition, he has been released from BOP custody according to the projected good conduct release date of August 1, 2023. Consequently, he has received all the relief requested, and his petition is now moot.

## IV.    CONCLUSION

It is, therefore, recommended that Garrett's supplemental motion (Doc. No. 11) be **GRANTED**, and Burke's petition (Doc. No. 1) be **DENIED** and **DISMISSED** without prejudice.

DATED THIS 8th day of January, 2025.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE

3